NITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARCUS T. BARTOLE,

    Petitioner,

        v.                                   CAUSE NO. 2:22CV319-PPS/JEM

SHERIFF,

    Respondent.

OPINION AND ORDER

Marcus T. Bartole, a prisoner without a lawyer, seeks habeas relief pursuant to 28 U.S.C. § 2241. His 167-page petition is a hodgepodge of complaints relating to his pretrial detention in a case out of Tippecanoe County Superior Court. According to the electronic docket for the State courts, Bartole faces charges of rape, sexual battery, strangulation, criminal confinement, battery, and failure to register as a sex offender, and a jury trial is set for January 9, 2023.[1]

In the petition, Bartole asserts claims regarding the conditions of the Tippecanoe County Jail and inadequate medical care. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). "[H]abeas corpus is not a permissible route for challenging prison conditions." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). Because these claims relate to jail conditions rather than the

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

fact or duration of Bartole's confinement, I cannot grant him habeas relief on these claims.

A second focus of Bartole's petition is a challenge to the State court's decision to set bail at $40,000 surety and $4,000 in cash, which he believes to be excessive. Before considering the merits of habeas claims, I must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). Under Indiana law, "the denial of a motion to reduce bail is a final judgment appealable as of right." *Sneed v. State*, 946 N.E.2d 1255, 1256 n.1 (Ind. Ct. App. 2011) (citing *State ex rel. Peak v. Marion Crim. Ct., Div. One*, 203 N.E.2d 301, 302 (Ind. 1965)).

Based on the electronic dockets for the State courts, Bartole filed a motion for bond reduction on August 2, 2022, and the Tippecanoe Superior Court took no action on the motion because Bartole was represented by counsel when he filed it. Bartole explains that trial counsel refused to file a motion for bond reduction; that the Tippecanoe Superior Court has denied his motions for new counsel; and that the

2

Indiana Court of Appeals rejected his appeal on the denial of the motions for new counsel. However, these allegations do not persuade me that Bartole has exhausted available State court remedies.

First, on September 22, 2022, the Tippecanoe Superior Court appointed new counsel for Bartole, and Bartole offers no insight into whether his new lawyer is willing to file a motion to reduce bond on his behalf. Second, counsel serves as Bartole's agent, and counsel's acts and omissions are generally binding on the client, so it is unclear that counsel's refusal to file a motion would be sufficient to render State court remedies unavailable. *See Maples v. Thomas*, 565 U.S. 266, 280–81 (2012) ("The attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[T]he attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error."). Additionally, even if new counsel refuses to file a motion to reduce bond and even if agency principles do not apply under these circumstances, Bartole has the right to self-representation but has not invoked it. *Faretta v. California*, 422 U.S. 806 (1975) (criminal defendants have the right to self-representation). Therefore, I find that Bartole's excessive bail claim is unexhausted.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Bartole filed this habeas petition under Section 2241 rather than

under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Consequently, dismissing this case will not effectively end Bartole's chance at habeas corpus review by rendering his claim untimely. Therefore, a stay is not appropriate for this case.

### Certificate of Appealability

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or

4

for encouraging him to proceed further in federal court until Bartole has exhausted his claims in State court.

ACCORDINGLY, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Marcus T. Bartole a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on November 7, 2022.

                                                   /s/ Philip P. Simon
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT